WILLIAM DWYER, BY NEXT FRIEND, THERESA DWYER, AND THERESA DWYER, INDIVIDUALLY, PLAINTIFF-RESPONDENT, v. NEW YORK TELEPHONE COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Decided November 24, 1926.

**Negligence—Injury to Twelve-Year-Old Boy Through Collision on Street With Defendant's Automobile—Evidence Clear That Car was on Wrong Side of Street, at Night, Without Lights—Facts Considered and Award Held Not Excessive.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Smith & Slingerland.*

*Contra, John A. Matthews.*

PER CURIAM.

The infant plaintiff, appearing by his mother, as next friend, and his mother in her own right, brought their action, jointly, against the defendant company in this court to recover damages from the latter, as a result of injuries sustained by the infant plaintiff on the 27th day of October, 1923, at Newark, New Jersey, through the alleged negligence of the defendant company's servant. The case was tried in the Essex Circuit, and eventuated in a verdict of $4,000 for the infant plaintiff, and a verdict of $1,000 for his mother, the female plaintiff. The matter is before us on the defendant company's rule to show cause. The reasons presented in the printed case are: "1. The verdict rendered by the jury was against the weight of the evidence. 2. The damages found by the jury in favor of the plaintiff were excessive. 3. The verdict in this cause should have been for the defendant and not for the plaintiffs, as rendered by the jury."

The infant plaintiff, at the time of the happening of the accident, was between twelve and thirteen years of age. On the evening of the 27th day of October, 1923, in the neighborhood of eight-fifteen o'clock, the defendant's driver, operating its automobile wagon, ran into a toy wagon upon which the infant plaintiff was seated at the curb of Ogden street, and as a result the infant plaintiff was painfully and seriously injured.

There is no substance in the contention of defendant's counsel that the verdict is against the weight of the evidence. The proof was clear and plenary that the automobile was being driven on the left-hand side of the street, where it had no right to be, under the Traffic law, and was without lights, gave no warning, and was otherwise being propelled in a manner regardless of the safety of children who were in the street.

Nor do we think that either verdict is excessive. The infant plaintiff was thrown from the toy wagon upon which he was seated and was rendered unconscious; he had a lacerated wound of the scalp, a contusion of his right hip and right side, abrasions of the face, and was in the state of concussion and shock, so that Dr. Randall, who rendered first aid, called for an ambulance and the lad was conveyed to the city hospital, where he remained nine days, and after his discharge was under the medical treatment of Dr. Randall for several weeks. There was also proof coming from Dr. Cahill that he found a bulging of the muscles on the right side attached to the iluim, that is the bone that runs around the waistband; that the muscles attached on that side were bulging, which indicated to the doctor that some time or another they were torn, but that they have healed, but will leave that side weak, and affect his lifting power. Dr. Cahill's examination was made more than two years after the lad suffered the injuries. The doctor also testified that the infant plaintiff had not fully recovered from the injury to his head, and gave as his opinion that the swaying of the lad's body indicated that there was still some brain irritation going on. There was also testimony to the effect that the infant plaintiff's muscles were torn in such a way that though they are healed they never get back to normal. In view of the fact that the lad's usefulness and earning power will be more or less impaired as a result of his injuries, and since his mother is entitled to his earnings until he is twenty-one years of age, unless he is sooner emancipated, the verdict in her favor will not be disturbed.

The rule to show cause is discharged, with costs.